IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHANTUBHAI N. SHAH,** *an Individual*, <br><br> Plaintiff, <br><br> v. <br><br> **AEROTEK, INC.**, **BKI ENTERPRISES, INC.**, *a Washington Company*, **SCOTT M LINDSAY,** *BKI Chief Executive Officer*, **EDDIE JACKSON,** *BKI General Manager*, **GUY COLPRON,** *BKI Director of Electrical Engineering*, **WALID OBEIDALLA,** *Director of Project Management/T&D*, **MAX TIDLAND,** *Aerotek Account Manager*, **BYRON WALTERSDORF,** *Director of Design*, <br><br> Defendants. | Case No. 3:21-cv-422-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Shantubhai N. Shah (Shah), representing himself *pro se*, sued several Defendants in Multnomah County Circuit Court, alleging breach of contract, wrongful termination, and slander under state law, as well as race and age discrimination in violation of federal statutes. On March 19, 2021, Defendants Aerotek, Inc. (Aerotek) and Max Tidland (Tidland) removed Shah's Complaint to this court. In a document titled "Motion for Removal,"

Shah moved to remand, arguing that neither Defendant BKI Enterprises, Inc. (BKI) nor Defendants Scott M Lindsay, Eddie Jackson, Guy Colpron, Walid Obeidalla, and Byron Waltersdorf (collectively, BKI Individual Defendants) consented to removal and therefore removal is improper. Shah also argues that removal is improper because his only federal claim is against BKI, not Aerotek or Tidland.

Aerotek and Tidland respond that BKI did consent to removal, that the consent of the BKI Individual Defendants was not needed at the time of removal because Shah had not yet served the Summons and Complaint on the BKI Individual Defendants before removal, and Aeroetek and Tidland may remove the Complaint even if the only federal claim is asserted against a different defendant, provided all defendants consent to removal. On April 19, 2021, BKI responded to Shah's motion to remand by joining Areotek and Tidland's response and confirming that BKI consented to removal *before* the March 19, 2021 removal. On May 4, 2021, the BKI Individual Defendants responded to Shah's motion by joining BKI's response and confirming their consent to removal. Shah also asks the Court to strike both BKI's and the BKI Individual Defendants' confirmations that they consented to removal. Finally, Shah requests that the Court sanction Defendants' attorneys for their filings related to removal. For the reasons below, the Court denies each of Shah's motions, consisting of his motion to remand, his two motions to strike, and his motion for sanctions.

## STANDARDS

**A. Motion to Remand**

A civil action generally may be removed from state court to federal court if the federal district court would have had original, subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Subject matter jurisdiction may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists over civil actions

when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants. 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

When removal is based on diversity jurisdiction, "[a] case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). If the case as stated in the four corners of the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *cf. Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (noting that "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings" and that "[i]f no ground for removal is evident in that pleading, the case is 'not removable' at that stage"). For an action to be removed based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10-11 (1983).

A motion to remand is the proper procedure for a plaintiff to use when challenging removal. 28 U.S.C. § 1447; *see also Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The party seeking removal bears the burden of establishing by a preponderance of the evidence that removal is proper. *Moore-Thomas*, 553 F.3d at 1244. "This burden is particularly stringent for removing defendants because '[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting *Moore-Thomas*, 553 F.3d at 1244); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting the "strong presumption" against removal jurisdiction).

## BACKGROUND

On February 12, 2021, Shah filed a *pro se* complaint in state court, alleging several state law claims against Defendants and claims for race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and Age Discrimination in Employment Act of 1967 (ADEA) against only BKI. Shah properly served Aerotek on February 18 or 19, 2021. Shah also appears to have served Tidland on February 20, 2021 and BKI on February 24, 2021. Shah does not appear to have served the BKI Individual Defendants.

On March 19, 2021, Aerotek timely removed Shah's Complaint to this Court. Aerotek asserts that removal is appropriate because the Court has original jurisdiction over Shah's federal law claim against BKI and supplemental jurisdiction over Shah's related state law claims. Aerotek further asserts that "[t]he Defendants who have been served consent to this removal." ECF 1 at 3, ¶ 8. Exhibits to the Notice of Removal reveal that the only defendants Shah had served were Aerotek, Tidland, and BKI. *See generally* ECF 1-2. Aerotek and Tidland answered Shah's Complaint on March 26, 2021. BKI also answered on that day. BKI's answer stated that the BKI Individual Defendants had not yet been served.

On April 3, 2021, in a filing titled "Motion for Removal," Shah moved to remand this action to Multnomah County Circuit Court. Shah argues that Aerotek's Notice of Removal was unclear about which Defendants had consented to removal. The Notice of Removal, Shah argues, lacks evidence that BKI consented to removal. Shah also argues that it was unclear whether the BKI Individual Defendants consented to remand. On April 19, 2021, Aerotek responded to Shah's motion for remand. That same day, BKI joined Aerotek's response, confirmed that BKI "previously consented to the removal of this action from Multnomah County Circuit Court . . . prior to the removal," and explained that "the remaining individual defendants who are or were [BKI's] employees (e.g., Defendants Scott M. Lindsay, Eddie Jackson, Guy Colpron, Byron Woltersdorf, and Walid Obeialla) were not served with the Summons and Complaint prior to removal and have not yet been served with the Summons and Complaint." ECF 20 at 2-3. Shah then moved to strike BKI's filing.

On May 4, 2021, the BKI Individual Defendants answered Shah's Complaint. The BKI Individual Defendants denied that Shah properly served them. That same day, the BKI Individual Defendants informed the Court that they consented to removal. Shah then moved to strike the BKI Individual Defendants' notice that they consented to removal. On May 17, 2021, Shah moved for sanctions against Aerotek, BKI, and their legal counsel.

## DISCUSSION

Shah's motion for remand, two motions to strike, and motion for sanctions all relate to his arguments that procedural defects in Aerotak's Notice of Removal require the Court to remand Shah's Complaint to state court. The Court therefore addresses Shah's arguments for remand first and then addresses Shah's arguments for striking Defendants' statements and for sanctions.

Shah's Complaint is properly removable because Shah alleges claims for age and race discrimination under federal law; specifically, Title VII and the ADEA. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10-11 (1983). Because Shah's remaining state law claims "derive from a common nucleus of operative facts"—specifically, the series of events leading to the termination of his employment—as his federal law claim, the Court has supplemental jurisdiction over Shah's remaining claims. *See* 28 U.S.C. § 1367(a); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) ("[T]he federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'") (first alteration added, remaining alterations in original) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Shah does not dispute that his federal law claim is removable. Nor does Shah argue that the Court lacks supplemental jurisdiction over his remaining state claims. Instead, Shah argues that Aerotek's removal was improper for three reasons: (1) BKI did not consent to removal; (2) the BKI Individual Defendants did not consent to removal; (3) Aerotek may not initiate removal because Shah's claims against Aerotek are all grounded in state law.

**A. BKI's Consent to Removal**

Shah first argues that there is insufficient evidence of BKI's consent to removal. The Court disagrees. "[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Both the threat of Rule 11 sanctions to a removing defendant who falsely claims to have obtained another

PAGE 6 – OPINION AND ORDER

defendant's consent, as well as the possibility that a defendant who did not consent will object to the removing defendant's notice of removal, "mitigate concerns that one defendant might falsely state the other defendants' consent." *Id.*

Aerotek satisfied the Ninth Circuit's requirement for removal of a case with multiple defendants. Its Notice of Removal states that "[t]he Defendants who have been served consent to this removal." ECF 1 at 3, ¶ 8. That statement by itself may be ambiguous as to precisely which Defendants consented to removal, but it is legally sufficient. Further, the exhibits to the Notice of Removal show that only Areotek, Tidland, and BKI had been served as of the time of removal. These exhibits confirm that "[t]he Defendants who have been served," included BKI. *See generally* ECF 1-2. Thus, the Notice of Removal adequately states that BKI consented to removal.

Two considerations bolster the Court's confidence that BKI timely consented to removal. First, the Notice of Removal was signed by an attorney of record under the potential for Rule 11 sanctions. *See Proctor*, 584 F.3d at 1225. Although Shah filed a motion for sanctions that alleges that counsel for Aerotek made misrepresentations to the Court in the Notice of Removal, *see* ECF 30, Shah's sanctions motion does not allege that counsel misrepresented BKI's consent. Second, BKI has not come forward to object to the Notice of Removal's statement that BKI consented. *See Proctor*, 584 F.3d at 1225. The Court therefore finds that BKI consented to removal before Aerotek filed its Notice of Removal.

Shah points to several out-of-circuit cases granting a plaintiff's motion for remand where the removing defendant simply averred that the other defendants consented to removal. *See, e.g.*, *Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635 (D. Miss. 2001); *Baker v. Ford Motor Co.*, 1997 WL 88260 (D. Miss. 1997); *Prod. Stamping v. Md. Cas. Co.*, 829 F. Supp. 2d 1074

PAGE 7 – OPINION AND ORDER

(E.D. Wis. 1993). These cases, however, were governed by Fifth and Seventh Circuit precedent. The Ninth Circuit expressly declined to follow the "more demanding" approach for indicating a defendant's consent to removal adopted by the "Fifth, Seventh, and Eight Circuits." *See Proctor*, 584 F.3d at 1224-25. The Ninth Circuit's decisions, not the Fifth or Seventh Circuits', bind this Court. Because the Notice of Removal adequately avers that BKI consented to removal, the Notice of Removal is not procedurally defective on that ground.[1]

## B. The BKI Individual Defendants' Consent to Removal

Shah next argues that the Notice of Removal is defective because it did not include the consent of the BKI Individual Defendants. "When a civil action is removed solely under section 1441(a), all defendants *who have been properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. § 1441(b)(2)(A) (emphasis added).[2] Thus, because the

---

[1] Shah also argues that, because the Notice of Removal merely avers that BKI consented to removal, the Court should strike BKI's Notice of Joinder and Consent to Removal (ECF 20). Shah argues that BKI's consent to removal in its Notice of Joinder and Consent to Removal is untimely. For the same reason the Court rejects Shah's argument that remand is required because the Notice of Removal merely avers that BKI consented to removal, the Court also rejects Shah's argument that the Court must strike BKI's Notice of Joinder and Consent to Removal. The Court therefore denies Shah's first Motion to Strike (ECF 23).

Although the Court need not rely on BKI's Notice of Joinder and Consent to Removal to resolve Shah's motion to remand, the Court notes that BKI's Notice of Joinder and Consent to Removal confirms that BKI in fact consented to removal before Aerotek filed the Notice of Removal. *See* ECF 20. This confirmation further supports the Court's conclusion that BKI consented to removal before Aerotek filed its Notice of Removal. *See State Farm Fire & Cas. v. Helen of Troy Ltd.*, 2016 WL 1166785, at *2 (W.D. Wash. Feb. 9, 2016) ("Defendants further provide evidence that all Defendants . . . have consented to the removal of this case. . . . Accordingly, the Court declines to remand on the basis of procedural defect.") (citations omitted).

[2] Shah cites *Hewitt v. City of Stanton*, 798 F.2d 1230 (9th Cir. 1986), for the proposition that all defendants must consent to removal. Shah suggests this means that removal is invalid without the BKI Individual Defendants' consent, even if Shah had not yet served the BKI Individual Defendants when Aerotek filed its Notice of Removal. Section § 1441(b), however, is unambiguous and provides that it is only "defendants who have been properly joined and served" who must consent to the removal. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011)

BKI Individual Defendants had not yet been served when Aerotek filed its Notice of Removal, Aerotek did not have to obtain the consent of the BKI Individual Defendants before filing removing this case.

Shah also suggests that BKI's answer to the Complaint creates doubt about whether the BKI Individual Defendants had been properly served when Aerotek filed its Notice of Removal. BKI's answer, however, was filed *after* Aerotek filed its Notice of Removal and explicitly "denies that . . . [the BKI Individual Defendants] have been properly served with the Summons and Complaint." ECF 6 at 12. Moreover, the exhibits that Shah himself filed with the Court reveal that none of the BKI Individual Defendants were served before Aerotek removed this case. *See* ECF 25-1 (showing that the BKI Individual Defendants were served in April 2021). Because Shah had not yet served the BKI Individual Defendants before Aerotek removed this action, the absence of the BKI Individual Defendants' consent at the time of removal does not warrant remand.

Moreover, the BKI Individual Defendants have since consented to removal. *See* ECF 24. Shah argues that the Court should strike the BKI Individual Defendants' consent because it was untimely. Shah is incorrect. "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1441(2)(B). Further, if a defendant has not consented to removal when the notice of removal is filed, "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino*, 630 F.3d at 956-57.

---

(citing, among other law, *Hewitt* for the proposition that "all defendants who have been 'properly . . . served in the action' must join a petition for removal") (citations omitted) (alterations in original).

PAGE 9 – OPINION AND ORDER

Here, there is no question that five of the six BKI Individual Defendants consented within 30 days of Shah properly serving the Complaint on them. The BKI Individual Defendants filed their consent on May 4, 2021. Again, Shah's own filings show that Shah served five of the six BKI Individual Defendants no earlier than April 14, 2021, which is less than 30 days before May 4, 2021. *See* ECF 25-1 at 1-11. It is unclear from the record precisely when Shah served one of the BKI Individual Defendants, Scott M. Lindsay. Shah asserts that he served Lindsay on April 1, 2021 and points to an email from Lindsay's counsel, Donald G. Grant, informing Shah that Lindsay authorized Grant to accept service for him. *See id.* at 12. An email from an attorney stating that the attorney is authorized to accept service, however, is not service itself. The Court need not determine precisely when Shah served Lindsay because, even if Lindsay did not timely consent, Defendants have cured any defect by joining Lindsay's consent before entry of judgment. *See Destfino*, 630 F.3d at 956-57. Thus, the Court denies Shah's second Motion to Strike (ECF 25).

## C. Aerotek's Authority to Remove

Finally, Shah argues that Aerotek's Notice of Removal was improper because Shah's only federal law claim was brought against only BKI, not Aerotek. Thus, Shah contends, only BKI may remove Shah's Complaint to federal court. Shah further argues that counsel for Aerotek and BKI violated Rule 11 of the Federal Rules of Civil Procedure by incorrectly asserting that Aerotek could remove Shah's Complaint. Shah moves the Court to sanction these parties and their counsel.

Shah is mistaken. "If a civil action includes a claim arising under the Constitution, laws, or treaties of the United States," "the *entire action* may be removed," even if the action also includes "a claim not within the original or supplemental jurisdiction of the district court." 28 U.S.C. § 1441(c)(1) (emphasis added). Although "[o]nly defendants against whom [the federal

PAGE 10 – OPINION AND ORDER

law claim] has been asserted are required to *join in or consent* to the removal," *id.* § 1441(c)(2) (emphasis added), there is no requirement that the specific defendant against whom the federal law claim is alleged be the defendant who *files* the notice of removal. Indeed, if Congress intended to require that only the specific defendant against whom a federal law claim was asserted could file a notice of removal, Congress could have specified that, rather than require the defendant against whom the federal law claim is asserted merely to *consent* to removal, presumably by another party.

Defendants have satisfied § 1441's requirements. Shah concedes that his Complaint asserts a claim arising under federal law, so § 1441(c)(1) allows Defendants to remove Shah's entire Complaint to federal court. *See id.* § 1441(c)(1). Additionally, as shown above, Defendants satisfied § 1441(c)(2) because BKI—the only defendant against whom Shah alleges the only federal claim—timely and expressly consented to removal. The Court concludes, therefore, that Aerotek properly removed Shah's Complaint to this court. Because Shah's Motion for Sanctions (ECF 30) also hinges on his mistaken argument that only BKI may remove the Complaint, the Court also denies Shah's motion for sanctions.

## CONCLUSION

The Court DENIES Shah's Motion to Remand (ECF 14), two Motions to Strike (ECF 23 and ECF 25), and Motion for Sanctions (ECF 30).

**IT IS SO ORDERED**.

DATED this 3rd day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge