IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHANTUBHAI N. SHAH,** *an Individual*,<br><br>    Plaintiff,<br><br>    v.<br><br>**AEROTEK, INC.**, **BKI ENTERPRISES, INC.**, *a Washington Company*, **SCOTT M LINDSAY,** *BKI Chief Executive Officer*, **EDDIE JACKSON,** *BKI General Manager*, **GUY COLPRON,** *BKI Director of Electrical Engineering*, **WALID OBEIDALLA,** *Director of Project Management/T&D*, **MAX TIDLAND,** *Aerotek Account Manager*, **BYRON WALTERSDORF,** *Director of Design*,<br><br>    Defendants. | Case No. 3:21-cv-422-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Shantubhai N. Shah, representing himself, seeks relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure from the Court's Opinion and Order dated August 3, 2021 (ECF 37). Rule 60(b)(1) allows a district court to relieve a party from a final judgment, order, or proceeding for, among other reasons, "mistake." Fed. R. Civ. P. 60(b)(1). The party making a motion under Rule 60(b) bears the burden of proof. *See Rufo v. Inmates of Suffolk*

*Cnty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2020) (simplified); *see also Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (noting that "reconsideration is appropriate only in very limited circumstances"). "[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (alteration in original) (quoting *Cheffins v. Stewart*, 2011 WL 1233378, at *1 (D. Nev. Mar. 29, 2011)).

Here, the Court has considered Plaintiff's arguments and rejected them. The Court does not believe that it has made a "mistake" regarding the issue raised by Plaintiff in his pending motion. Instead, the Court interprets the law differently than does Plaintiff. No one is infallible, but if the Court has erred, which the Court does not believe has occurred in this case thus far, Plaintiff has preserved his objection for appeal at the appropriate time.

The Court DENIES Shah's Motion for Relief from Opinion and Order (ECF 38).

**IT IS SO ORDERED**.

DATED this 10th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER