IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHANTUBHAI N. SHAH,** *an Individual,* | Case No. 3:21-cv-422-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **AEROTEK, INC., BKI ENTERPRISES, INC.,** *a Washington Company*, **SCOTT M. LINDSAY,** *BKI Chief Executive Officer,* **EDDIE JACKSON,** *BKI General Manager,* **GUY COLPRON,** *BKI Director of Electrical Engineering,* **WALID OBEIDALLA,** *Director of Project Management/T&D,* **MAX TIDLAND,** *Aerotek Account Manager,* **BYRON WALTERSDORF,** *Director of Design*, | |
| Defendants. | |

Shantubhai N. Shah, Plaintiff *pro se*.

Tyler J. Storti, STEWART SOKOL & LARKIN LLC, 2300 SW First Avenue, Suite 200, Portland, OR 97201-5047; William Corum, HUSCH BLACKWELL LLP, 4801 Main Street, Suite 1000, Kansas City, MO 64112. Of Attorneys for Defendants Aerotek, Inc., and Max Tidland.

Donald G. Grant, ATTORNEYS AND COUNSELORS AT LAW, 2005 NE 192nd Avenue, Suite 200, Camas, WA 98607. Of Attorneys for Defendants BKI Enterprises, Inc., Scott M. Lindsay, Eddie Jackson, Guy Colpron, Byron Woltersdorf, and Walid Obeidalla.

**Michael H. Simon, District Judge.**

Plaintiff Shantubhai N. Shah (Shah), representing himself *pro se*, sued several

Defendants in state court, alleging slander, fraud, breach of contract, and wrongful termination

PAGE 1 – OPINION AND ORDER

under state law, and race and age discrimination in violation of federal statutes. Defendants properly removed Shah's Complaint (Original Complaint) to this Court, asserting federal question jurisdiction, and Shah timely moved to remand. The Court denied Shah's first motion to remand. *See Shah v. Aerotek, Inc.*, 2021 WL 3373789 (D. Or. Aug. 3, 2021). Shah subsequently filed the First Amended Complaint (Amended Complaint), in which he deleted the only reference to federal law and relied solely upon state law. Shah then moved to remand to state court a second time. Before the Court is the second motion for remand. For the reasons explained below, the Court grants the motion and remands this case to state court.

## STANDARDS

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc). Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1).

PAGE 2 – OPINION AND ORDER

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *cf. Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (noting that "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings" and that "[i]f no ground for removal is evident in that pleading, the case is 'not removable' at that stage"). For an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983).

A motion to remand is the proper procedure for a plaintiff to use when challenging removal. 28 U.S.C. § 1447; *see also Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The party seeking removal bears the burden of establishing by a preponderance of the evidence that removal is proper. *Moore-Thomas*, 553 F.3d at 1244. "This burden is particularly stringent for removing defendants because '[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (quoting *Moore-Thomas*, 553 F.3d at 1244); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting the "strong presumption" against removal jurisdiction).

## BACKGROUND

On February 12, 2021, Shah filed a *pro se* complaint in state court, alleging several state law claims against Defendant Corporations BKI Enterprises, Inc. (BKI) and Aerotek, Inc. (Aerotek) and management personnel from those companies (collectively, Individual

PAGE 3 – OPINION AND ORDER

Defendants) and claims for race and age discrimination in violation of federal statutes against BKI only.[1] Shah is an 81-year-old Asian American professional engineer, residing in Oregon. Shah asserts that he worked as an engineer for BKI and Aerotek. Shah alleges that, *inter alia*, he was unfairly terminated after two months of work and that he relied upon Defendants' "false representation of full-time work." Shah further claims that he was discriminated against because "all Caucasian electrical engineers younger than Shah were assigned full-time [work] with BKI benefits such as vacation, holidays, health insurance, and retirement[.]"

Aerotek properly removed the Original Complaint to this Court on March 19, 2021, citing federal question jurisdiction. The Individual Defendants consented to removal. Shah moved to remand, and the Court denied that motion. *See Shah*, 2021 WL 3373789, at *6. Shah subsequently filed the Amended Complaint and deleted all references to federal law. Shah then filed a second motion to remand on January 30, 2022, arguing that the Court's subject matter jurisdiction was eliminated because the Amended Complaint no longer contained a claim based on federal law.

## DISCUSSION

Shah argues that because the Amended Complaint no longer contains a federal claim, the Court is "divested" of subject matter jurisdiction and must remand the case to state court. Defendants oppose the motion to remand, citing 28 U.S.C. § 1331 and the well-pleaded complaint rule. Defendants argue both that jurisdiction is determined at the time the complaint is filed and that the substance of Shah's claims still arise under federal law, regardless of the label he places on them or that he removed all references to federal law.

---

[1] The Original Complaint referenced Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (ADEA).

The Original Complaint contained a section titled "Count 6 Against Defendant BKI: Race and Age Discrimination (Title VII and ADEA)." ECF 1-2 at 7. The section substantively detailed Shah's account of the alleged discrimination but cited only Oregon Revised Statutes § 659A.030 and made no additional reference to the federal statutes. ECF 1-2 at 7-8. The same section in the Amended Complaint now reads "Count 6 Against Defendant BKI: Race and Age Discrimination." The text describing the alleged discrimination—including the citation to Oregon Revised Statutes § 659A.030—remains the same. ECF 48 at 7-8.

**A. Subject Matter Jurisdiction**

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *cf. Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (noting that "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings" and that "[i]f no ground for removal is evident in that pleading, the case is 'not removable' at that stage"). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1379 (9th Cir. 1988) (simplified).

In this case, Shah contends that because the Amended Complaint no longer contains a reference to federal law, the Court no longer has subject matter jurisdiction. This argument is not well-taken. Jurisdiction is determined at the time of removal and is not eliminated by a subsequent amendment. *Id.*; *see also Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint."). Thus, when a case has been

PAGE 5 – OPINION AND ORDER

removed to federal court based on federal question jurisdiction, amending the complaint to remove the federal claim does not destroy jurisdiction. *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."). Because Shah's Original Complaint contained a federal claim and Defendants properly removed the Original Complaint to this Court, a subsequent amendment does not destroy the Court's subject matter jurisdiction and *require* that the Court remand this case.

If all federal claims are withdrawn or otherwise disposed of, however, the Court has discretion to decline to continue to exercise supplemental jurisdiction over the state law claims and may remand the case. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). This issue is discussed further below. Defendants, however, assert that all federal claims have not actually been withdrawn in the Amended Complaint.

Defendants argue that a federal claim remains because Shah merely removed the words "ADEA" and "Title VII" from the complaint. Defendants assert that the substance of Shah's discrimination claim remain the same, and that it still arises under federal law. The Court disagrees. Although the Original Complaint contained a reference to Title VII and the ADEA, the details of the alleged discrimination cited Oregon law and did not substantively argue discrimination under either Title VII or the ADEA. Construing the Original Complaint liberally, the header that referenced the ADEA and Title VII and the general facts alleging discrimination was enough to put Defendants on notice that Shah intended to bring a claim under those federal statutes. The Amended Complaint, however, no longer references the ADEA or Title VII and cites only Oregon law. Thus, it is not a reasonable reading of the Amended Complaint that Shah

now asserts claims under the ADEA or Title VII. Further, Shah makes judicial admissions in this case that he is not and will not bring federal claims, and the Court is relying on those admissions in resolving this motion.

Federal question jurisdiction is invoked when a well-pleaded complaint establishes either that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In this instance, the Amended Complaint maintains the citation to Oregon Revised Statutes § 659A.030 and removes all references to federal law. Shah's claim, therefore, no longer turns on resolution of a substantial question of federal law. Accordingly, the Court finds that federal law does not create the cause of action and there is not a substantial question of federal law that requires the Court to maintain jurisdiction.

## B. Supplemental Jurisdiction

The Original Complaint was properly removed because the Court had original, subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"). The Court previously held that it had supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because they derive from the same "common nucleus of operative facts" as the federal law claim. *See Shah*, 2021 WL 3373789, at *3. "Dismissal of the federal claims does not deprive a federal court of the power to adjudicate the remaining pendent state claims." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). Although the federal claim has been withdrawn, the Court retains authority to exercise supplemental jurisdiction over the state law claims.

PAGE 7 – OPINION AND ORDER

The decision whether to continue to exercise supplemental jurisdiction is discretionary. *Gibbs*, 383 U.S. at 726. A federal court should consider at every stage of litigation the "values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (discussing *Gibbs*, 383 U.S. at 725-26). When the balance of factors points towards state court, "as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline" to exercise jurisdiction. *Id.* (footnote omitted).

Because the Amended Complaint eliminates Shah's discrimination claim under federal law, the Court now must determine whether to remand the remaining claims to state court or continue to exercise supplemental jurisdiction. *Cf.* 28 U.S.C. 1367(c)(3) (allowing a district court to decline to exercise supplemental jurisdiction over state-law claims if the court "has dismissed all claims over which it has original jurisdiction"). When a district court dismisses all federal claims before trial, the balance of factors usually will point toward declining to exercise supplemental jurisdiction over the remaining state law claims. *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. Circumstances that may weigh against declining to retain jurisdiction include when a lawsuit has been in federal court for a substantial period of time and extensive discovery has been taken by all parties. *See McLean v. Pine Eagle Sch. Dist.*, No. 61, 194 F. Supp. 3d 1102, 1120 (D. Or. 2016).

This case is in its early stages, with the only litigation thus far relating to the motions to remand. The parties do not indicate that much discovery has yet occurred. Thus, neither party has exerted significant resources in federal court or relied upon exclusively federal discovery procedures. Accordingly, the Court finds that the factors of judicial economy and fairness weigh

PAGE 8 – OPINION AND ORDER

in favor of declining to exercise supplemental jurisdiction. Further, Defendants have not argued they would be inconvenienced or unfairly prejudiced by the state forum. Finally, as discussed in *Gibbs*, to respect matters of comity, needless decisions of state law should be avoided. 383 U.S. at 726. The Court finds that the interests of judicial economy, convenience, fairness, and comity all weigh in favor of declining to exercise supplemental jurisdiction over Shah's state law claims and remanding this case.

## CONCLUSION

The Court GRANTS Shah's motion to remand (ECF 49). This case is REMANDED to the Circuit Court of the State of Oregon for the County of Multnomah County. The Clerk of the Court is directed to send the files in this case to the Clerk of the Multnomah County Circuit Court.

**IT IS SO ORDERED**.

DATED this 30th day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge